**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILLIE WELLS                                                                                    PETITIONER

v.                                              2:14CV00059-JLH-JJV

DANNY BURL, Warden; and
JENNIFER MILLER, Parole Officer                                         RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   BACKGROUND

Willie Wells filed the instant Writ of Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 (Doc. No. 1) on April 28, 2014. At the time, he was a prisoner in the custody of the Arkansas Department of Correction (ADC) East Arkansas Regional Unit. (*Id.*) He was convicted on February 9, 2006, of one count of class-Y felony possession of a controlled substance with the intent to deliver and sentenced to ten years in the ADC with 154 days credit for jail time served.[1] (Doc. No. 7-1.)

On July 23, 2013, Mr. Wells was paroled subject to specific conditions and placed under the supervision of the Arkansas Department of Community Correction. (Doc. No. 1 at 7.) On January 9, 2014, Mr. Wells tested positive for cocaine and his supervising officer gave him a verbal warning and scheduled him for an assessment on January 21, 2014. (*Id.* and Doc. No. 7-2.) Mr. Wells failed to report for that assessment and an another assessment was scheduled for January 28, 2014, at which time the positive drug test and missed assessment would be addressed. (*Id.*) However, on January 27, 2014, Mr. Wells was arrested in West Memphis for theft of property from a Flying J travel center.

---

[1] A judgment-and-commitment order in his case was entered of record on February 21, 2006. (Doc. No. 7-1.)

(*Id.*)  The Arkansas Parole Board issued a warrant on February 5, 2014, and it was served on February 6, 2014. (Doc. No. 1 at 9.)

In Mr. Wells's instant federal habeas corpus Petition (Doc. No. 1), he prays the Court release him from the custody of the Arkansas Department of Correction based on "the agreement made between him and his Parole Officer Jennifer Miller... or in the alternative-show cause why petitioner shouldn't be relief [sic] on agreed date." (Doc. No. 1 at 4-5.)  Mr. Wells filed a notice of change of address with the Court on September 10, 2014 (Doc. No. 17) and according to the Arkansas Department of Correction records office, he was paroled on September 18, 2014.  Therefore, this Petition is now moot and should be DISMISSED.  Nonetheless, in the interest of finality, the Court will also address the merits of Mr. Wells's Petition.

## II.    ANALYSIS

Respondent argues that Mr. Wells's claims are not cognizable and are procedurally defaulted. (Doc. No. 7 at 7.)  The Court agrees.

Mr. Wells's claims are not cognizable in a federal habeas corpus petition.  A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts.  Claims based on errors of state law are not cognizable in federal habeas petition. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

Habeas courts do not sit to review state law claims.  *See Meyer v. Sargent,* 854 F.2d  1110, 1116  (8th Cir. 1988).  None of Mr. Wells's claims allege any sort of violation of the United States Constitution, laws or treaties and therefore, they are not cognizable in this Court.

Further, as Respondent aptly points out, Mr. Wells's claims are also barred from review in

this Court because they are procedurally defaulted. (Doc. No. 7.) Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Here, Mr. Wells could have sought review of the Parole Board's decision as required by the Arkansas Administrative Procedure Act, Ark. Code Ann.§ 25-15-212 (Rep. 2002). *Teston v. Arkansas State Bd. of Chiropractic Exam'rs*, 361 Ark. 300, 304, 206 S.W. 3d 796, 799 (2005).  He did not seek such review and as such, no state court has been afforded an opportunity to consider his matter. Because Mr. Wells failed to do so, his claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Neither is applicable here.  Petitioner fails to show cause and prejudice, and thus, his Petition should be dismissed as procedurally barred and meritless.

III.    **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted and without merit.  Therefore, no certificate of appealability should be issued.

IV.    **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2.    A certificate of appealability should not be issued.

DATED this day 10th of November, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE